IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHY J. SCHMITZ,

                        Plaintiff,

   v.                                                                  OPINION & ORDER

NANCY A. BERRYHILL,                                       16-cv-371-jdp
   Acting Commissioner of Social Security,

                        Defendant.

---

Plaintiff Kathy J. Schmitz seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding Schmitz not disabled under the Social Security Act.[1] The court heard oral argument on February 7, 2017. For the reasons explained during the hearing and summarized here, the court will remand the case.

Schmitz applied for disability insurance benefits alleging a variety of impairments, particularly enduring back pain, which resulted from back surgeries in 2003 and 2009. The administrative law judge found that Schmitz suffers from two severe impairments: back disorders, status post back surgeries; and pain syndrome. The ALJ deemed her other impairments to be non-severe, a decision that Schmitz does not challenge on appeal. The ALJ found that, as of the date last insured, Schmitz had the residual functional capacity (RFC) to perform sedentary work with many additional restrictions relating to exertion, posture, and the environment. This RFC led to the conclusion that Schmitz was not disabled because the ALJ found that, even with this restrictive RFC, Schmitz could perform her past work as a data entry clerk, or at least some other jobs in the economy.

---

[1] Nancy A. Berryhill was substituted for Carolyn W. Colvin, as Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

In reaching his decision, the ALJ discounted Schmitz's credibility because he thought her statements about the severity of her symptoms were not supported by the record. He also discounted the opinion of a nurse practitioner who was Schmitz's primary care provider, because the nurse practitioner was a "nonacceptable medical source" and her opinions lacked medical support.

On appeal, Schmitz raises three issues: (1) whether the ALJ gave proper weight to the nurse practitioner's opinion; (2) whether the ALJ properly discredited Schmitz's statements about her symptoms; and (3) whether substantial evidence supports the ALJ's finding on Schmitz's RFC. The court will remand the case because the ALJ did not adequately explain why she discounted Schmitz's credibility statements about her symptoms. Schmitz's statements about her symptoms necessarily affect the ALJ's RFC determination.

A. Opinion of Mary Karl

Schmitz contends that the ALJ should have given greater weight to the opinion of Mary Karl, a nurse practitioner, who opined that Schmitz was disabled. R. 319-22.[2] The ALJ could not give controlling weight to Karl's opinion because a nurse practitioner is not a treating source. *Turner v. Astrue*, 390 F. App'x 581, 586 (7th Cir. 2010). A nurse practitioner is also not an "acceptable medical source" as that term is used in social security regulations. *See* 20 C.F.R. § 416.913. Non-acceptable medical sources cannot establish the existence of a medically determinable impairment. SSR 06-03p. Nevertheless, "information from such 'other sources' may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id*.

---

[2] Record citations are to the administrative record. Dkt. 10.

The ALJ's consideration of Karl's opinion is somewhat superficial and conclusory. R. 18. The ALJ indicates that Karl's opinion includes extreme limitations that are not supported by the medical evidence. But Karl cites recent pain evaluation and PT and OT evaluations among the medical findings that support her conclusions. R. 321. The ALJ did not address those.

But the ALJ's decision, particularly when viewed as a whole, provides sound reasons to discount Karl's opinion. As the ALJ points out, Karl's opinion says that Schmitz should avoid all exposure to the environmental irritants listed on the form and that there is no evidence in the record that would support that limitation. R. 322. On appeal, Schmitz says that X-rays of her neck from July 2013, support Karl. Dkt. 13, at 7. But the physician who reviewed the X-rays noted that Schmitz's "subjective symptoms appear to far exceed objective findings on physical examination" R. 482-83.

Because Karl was Schmitz's primary care provider (presumably for financial reasons, which the ALJ did not consider), Karl's opinion warrants consideration, perhaps more careful consideration than the ALJ gave it. But the ALJ did give Karl's opinion little weight only because it was from a non-acceptable medical source. The ALJ gave reasons for discounting the opinion, and the reasoning was not so conclusory as to warrant remand.

**B.  Schmitz's credibility**

Schmitz's main impairment is debilitating back pain. She's had two back surgeries, in 2003 and 2009. Medical imaging from 2014 showed degenerative changes that had been stable since 2009. But surgically installed hardware obscured the view of a portion of her spine. There is nothing in the medical imaging, however, that would provide an organic

explanation for her pain. Thus, the credibility of her subjective reports of pain is critical to her case.

The ALJ found her only partially credible. A district court affords broad deference to an ALJ's credibility determination, overturning the credibility determination only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006). But the ALJ must still consider the entire record and provide an adequate explanation of her conclusions. *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009) (vacating and remanding for lack of explanations as to the claimant's credibility even though "[t]he record does not command a determination that [the claimant] should be awarded benefits"). The ALJ need not mention every piece of evidence in her opinion, but she must provide more than a "selective discussion of the evidence" or "cursory analysis of symptoms," *Myles*, 582 F.3d at 678, and build a "logical bridge" from the evidence to her conclusions, *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008).

One of the main reasons that the ALJ gave for discounting Schmitz's credibility was the lack of confirming medical imaging. The ALJ points this out directly, but it also comes through the state agency reports, to which the ALJ assigns "some weight" and "more weight." There is nothing wrong with considering the medical images, but social security regulations and many court decisions make it clear that claims of persistent pain cannot be denied merely because the source of the pain is not confirmed by objective medical evidence. SSR 96-7p; *Adaire v. Colvin*, 778 F.3d 685, 687 (7th Cir. 2015).

A second main reason for discounting Schmitz's credibility is that, in the view of the ALJ, her statements about her activities of daily living are inconsistent with her reports of debilitating pain. Again, the ALJ cites this issue directly, and it also affects her decision

4

because she relies on the reports of the state agency consultants. The ALJ notes that Dr. Greco cites the claimant's "inconsistent statements," presumably a reference to Dr. Greco's report at R. 73. But the purported inconsistencies are greatly exaggerated. Schmitz's activities of daily living are severely limited. Schmitz explained that she could prepare only simple meals that do not "require cooking," R. 177. Schmitz also explained that she relies on her husband to assist her with many of her house chores, *see, e.g., id.*, so it is unclear what limited chores Schmitz could perform on her own and whether the ability to perform those limited chores shows that Schmitz is not disabled. Nor is it fair to say that Schmitz was disinterested in treatment follow-up. R. 17. Schmitz may have declined to repeat treatment that she had undertaken previously, but she had undergone at least two surgeries, physical therapy, and other forms of treatments. *See, e.g.*, R. 216; 348-49, 405. She consistently sought the treatment that she could afford. The bottom line is that the ALJ has not pointed to discrepancies that would warrant a finding that Schmitz is fundamentally incredible.

To be sure, there are reasons for discounting Schmitz's credibility, particularly the allegation that she adulterated her urine for a drug test. R. 435. But the ALJ here has not shown that Schmitz's reports of pain are actually *inconsistent* with other evidence, as the ALJ stated. R. 16. The ALJ must more clearly draw an accurate and logical bridge from the evidence to her conclusion that Schmitz reports of her subjective symptoms are not credible.

## C.  The RFC

The problems in dealing with Schmitz's credibility also affect the validity of the RFC. In determining the RFC, the ALJ did not fully embrace the reports of the two state agency consultants. Instead, the ALJ assigned Schmitz a significantly more limited RFC, "giving the claimant the full benefit of the doubt in consideration of her hearing testimony." R. 18. But

5

of course the ALJ did not give Schmitz the "full" benefit of the doubt or she would have accepted Schmitz's testimony and found her disabled. The ALJ accepted *some* of Schmitz's hearing testimony.

But it is not clear what testimony the ALJ accepted and what she rejected. The ALJ apparently credits Schmitz's testimony that she is in pain every day and cannot stay in one position very long. But somehow the ALJ concludes that the pain must not be quite so severe and constant as Schmitz says. How did the ALJ draw the line at where Schmitz was no longer credible? That is not explained.

It is also not clear what evidence the ALJ relied on in determining that the additional limitations were appropriate. Where did the ALJ get the idea that Schmitz needed to adjust her position while at her workstation or that she would need to stand for a few minutes ever thirty minute? It looks like the ALJ simply cherry-picked some of the limitations proposed by Karl, even though the ALJ did not credit Karl's opinion. And, critically, the ALJ does not explain how these limitations would alleviate the effects of Schmitz's pain or the side-effects of her medication.

The ALJ is not required to endorse the opinion of any single source and follow that opinion in setting the RFC. But the ALJ has to explain how she gets to the RFC that she settles on. The explanation that the ALJ has given the claimant the benefit of the doubt is, in this case, not really an explanation at all.

## CONCLUSION

On remand, the ALJ must: re-evaluate Schmitz's credibility; and explain how the limitations in the RFC are determined and how those limitations will address Schmitz's

impairments. Although not a basis for remand, the ALJ may also choose to explain more fully the reasons for the weight accorded to Karl's opinion.

ORDER

IT IS ORDERED that:

1. The decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Kathy J. Schmitz's applications for disability insurance benefits is REMANDED.

2. The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered February 15, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge